**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v.       Case No. 4:21-CR-168-LPR | |
| **RUSSELL L. STACKS and** | |
| **ELMER BELL, aka "BLACK"** | **DEFENDANTS** |

**ORDER**

On April 5, 2022, a Grand Jury issued a Superseding Indictment charging Defendants Elmer Bell and Russell L. Stacks with various crimes.[1] Mr. Bell subsequently filed three motions: (1) a Motion to Sever Counts 10, 11, and 12 from the remaining Counts; (2) a Motion to Quash Count 1 as against him; and (3) a Motion for Disclosure of Grand Jury Materials.[2] The Court held a hearing on all three motions on October 20, 2022.[3] The next day, the Court granted Mr. Bell's Motion to Sever.[4] What's left for the Court to decide is Mr. Bell's Motion to Quash and his Motion for Disclosure of Grand Jury Materials.

**I.     Motion to Quash Count 1**

Count 1 of the Superseding Indictment alleges that "[o]n or about April 19, 2021, in the Eastern District of Arkansas, the defendants, ELMER BELL, aka 'BLACK', and RUSSELL L. STACKS, knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, which resulted in the death of E.A. from the use of such substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

---

[1] Superseding Indictment (Doc. 30).

[2] Docs. 63, 65, & 67.

[3] Clerk's Mins. (Doc. 78).

[4] Order (Doc. 79).

841(b)(1)(C)."[5] Mr. Bell asks the Court to quash this Count as duplicitous.[6] In this context, "[d]uplicity" means "the joining in a single count of two or more distinct and separate offenses."[7] "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense."[8]

All of Mr. Bell's duplicity arguments stem from the same premise. Mr. Bell says that Count 1 charges two separate violations of 21 U.S.C. § 841(a)(1): one by Mr. Bell and one by Mr. Stacks.[9] From this premise, Mr. Bell argues that, because the "two separate violations" are wrapped up in one count, a jury could erroneously convict Mr. Bell of Count 1 even if it unanimously found that only Mr. Stacks violated § 841(a)(1).[10] He also argues—along the same lines—that the jury could erroneously apply Count 1's sentencing enhancement without unanimously concluding that it was Mr. Bell's specific § 841(a)(1) violation that caused E.A.'s death.[11]

The problem with Mr. Bell's argument is that his initial premise is faulty. Count 1 does not charge two separate violations of 21 U.S.C. § 841(a)(1). Instead, as the Government repeatedly explained in its briefing and at the October 2022 hearing, Count 1 charges Mr. Stacks with a violation of 21 U.S.C. § 841(a)(1) and charges Mr. Bell with aiding and abetting Mr. Stacks's

---

[5] Superseding Indictment (Doc. 30) at 1. 21 U.S.C. § 841(a)(1) makes it a crime to "knowingly or intentionally . . . distribute . . . or possess with intent to . . . distribute . . . a controlled substance."

[6] Mot. to Quash (Doc. 65) at 2.

[7] *United States v. Spencer*, 592 F.3d 866, 874 (8th Cir. 2010) (quoting *United States v. Moore*, 184 F.3d 790, 793 (8th Cir. 1999)).

[8] *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994).

[9] Def. Bell's Br. in Supp. of Mot. to Quash (Doc. 66) at 3–4.

[10] *Id.* at 4–5; *see* Oct. 20, 2022 Hr'g Tr. (Rough) at 6–7.

[11] Def. Bell's Br. in Supp. of Mot. to Quash (Doc. 66) at 4–5. The second element of Count 1—death as a result of the fentanyl distributed—is "a sentencing enhancement, not a separate offense." *United States v. Lewis*, 895 F.3d 1004, 1009 (8th Cir. 2018). If the government proves that the defendant distributed a controlled substance (the § 841(a)(1) offense), it can obtain a harsher sentence if it can also prove that death resulted from the distribution of that controlled substance (the § 841(b)(1)(C) enhancement). *See id.*

violation. To be clear, Count 1 does not charge Mr. Bell with his own violation of 21 U.S.C. § 841(a)(1).[12] The Government was unequivocal on this point at oral argument. To wit, the Government expressly disclaimed any theory of Mr. Bell's liability under Count 1 other than aiding and abetting.[13]

Mr. Bell's confusion as to the theory of liability is somewhat understandable. After all, the way in which the Government alleges that Mr. Bell aided and abetted Mr. Stacks was by selling Mr. Stacks the fentanyl that Mr. Stacks then resold to E.A.[14] So the conduct alleged to give rise to Mr. Bell's aider-and-abettor liability could have also been charged as a separate criminal act. But that is irrelevant. Just because a separate criminal violation could have been alleged does not mean a separate criminal violation must be alleged. Mr. Bell's contrary contention—that the Government cannot proceed under its aider-and-abettor theory because the alleged aiding and abetting is predicated on another crime—is not persuasive. Mr. Bell principally relies on two Supreme Court cases: *Burrage v. United States*[15] and *Blockburger v. United States*.[16] Neither comes anywhere close to establishing the proposition that Mr. Bell is advancing. And the Court knows of no other case—inside or outside the Eighth Circuit—that lends even a modicum of weight to Mr. Bell's position.[17]

---

[12] United States' Resp. to Def.'s Mots. (Doc. 72) at 2–3.

[13] Oct. 20, 2022 Hr'g Tr. (Rough) at 14–16.

[14] *Id.* at 12–13; United States' Resp. to Def.'s Mots. (Doc. 72) at 3.

[15] 571 U.S. 204 (2014).

[16] 284 U.S. 299 (1932); Oct. 20, 2022 Hr'g Tr. (Rough) at 10.

[17] Mr. Bell raises an additional (and perhaps related) argument to support his Motion to Quash. Mr. Bell says Count 1 impermissibly side-steps the "but-for" requirement inherent in § 841(b)(1)(C)'s sentence enhancement by alleging two different distributions of the fentanyl that allegedly caused E.A.'s death. Oct. 20, 2022 Hr'g Tr. (Rough) at 5; *see Burrage*, 571 U.S. at 218–19 ("[A] defendant cannot be liable under . . . § 841(b)(1)(C) unless such use [of the distributed drug] is a but-for cause of the death . . . ."). Mr. Bell says that "a delivery is required under the rationale of *Burrage*" to convict a defendant under § 841(b)(1)(C). Oct. 20, 2022 Hr'g Tr. (Rough) at 5. What he means is that, in order to be eligible for the sentence enhancement, Mr. Bell must be convicted of his own § 841(a)(1) violation and that violation must be the but-for cause of the death. *Burrage* is not dispositive here, or really even persuasive. The Court in *Burrage* considered a scenario "where use of the drug distributed by the defendant [was] not an

Mr. Bell notes that Count 1 does not state that it is charging Mr. Bell under an aider-and-abettor theory. But "[a]iding and abetting is an alternative charge in every count, whether implicit or explicit."[18] The structure and language of Count 1 does not somehow foreclose the Government's position as to the meaning of Count 1. Neither does it require adoption of Mr. Bell's position on the meaning of Count 1.

At the end of the day, Count 1 is not duplicitous. And even if it was, any duplicity problem could be cured. Properly understood, a jury can only convict Mr. Bell under Count 1 (including the application of the sentence enhancement) if it unanimously finds that: (1) Mr. Stacks violated § 841(a)(1) by distributing fentanyl; (2) Mr. Stacks's § 841(a)(1) violation resulted in E.A.'s death; and (3) Mr. Bell violated 18 U.S.C. § 2 by aiding and abetting Mr. Stacks in the distribution of fentanyl resulting in E.A.'s death. Moreover, the possibility of juror confusion over the meaning of Count 1 and the way in which Mr. Bell could be found guilty can be cured by an appropriate jury instruction—making clear that the Government is only proceeding against Mr. Bell under an aider-and-abettor theory. As the Eighth Circuit has held, "the risk of a nonunanimous verdict inherent in a duplicitous count may be cured when the jury is given a limiting instruction that requires it to unanimously find the defendant guilty . . . ."[19]

---

independently sufficient cause of the victim's death," meaning there were multiple possible death-inducing drugs being used by the decedent in addition to the drugs distributed to him by the defendant. *Burrage*, 571 U.S. at 218. But in the case at bar, we are only dealing with one death-inducing drug. As explained elsewhere, the Government is prosecuting Mr. Bell under Count 1 on an aider-and-abettor theory. To punish Mr. Bell as a principal of the charged crime, the Government need only prove that Mr. Bell aided and abetted Mr. Stacks in the distribution of the fentanyl that resulted in E.A.'s death. *See* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *id.* § 2(b) ("Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."). The Government does not have to prove that Mr. Bell independently violated § 841(a)(1) and § 841(b)(1)(C).

[18] *United States v. Clark*, 980 F.2d 1143, 1146 (8th Cir. 1992); *see also United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986) (holding that "a defendant may be convicted of aiding and abetting . . . even though he may not have been formally charged in that capacity").

[19] *Karam*, 37 F.3d at 1286; *see also United States v. Nattier*, 127 F.3d 655, 658 (8th Cir. 1997) (holding that "the risk of a nonunanimous verdict" was cured by a "limiting instruction").

## II.     Motion for Disclosure of Grand Jury Materials

Mr. Bell seeks disclosure of grand jury materials because he "believes that [the materials may include] grounds for setting aside the Superseding Indictment as it relates to [Mr.] Bell."[20] And he thinks "he has made out a *prima facie* case that some degree of prosecutorial overreaching occurred during the grand jury process."[21] Mr. Bell wants access to "all information and material that was presented to the grand jury on the Superseding Indictment and to minutes and transcripts of all grand jury proceedings."[22] As a back-up, Mr. Bell asks the Court to review the above-referenced material *in camera* and then order disclosure of any information relevant to Mr. Bell's arguments in favor of setting aside the Superseding Indictment.[23]

The Court need not recreate the wheel here. Our country's legal traditions concerning the secrecy of grand juries, and the interests promoted by such traditions, are not under debate. Both parties accept as black letter law that grand jury proceedings may be disclosed only in particular, limited circumstances.[24] And the parties agree that only one such circumstance is even potentially at play here. Specifically, the Federal Rules of Criminal Procedure allow a court to "authorize disclosure" of grand jury material "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."[25] As one might suspect given the backdrop or default of grand jury secrecy, the standard for authorizing disclosure is high. Mr. Bell must demonstrate a "particularized need" for disclosure.[26] A

---

[20] Def. Bell's Br. in Supp. of Mot. for Disclosure of Grand Jury Materials (Doc. 68) at 1–2.

[21] *Id.* at 4.

[22] *Id.*

[23] Oct. 20, 2022 Hr'g Tr. (Rough) at 44–45.

[24] *See* Fed. R. Crim. P. 6(e)(2)–(3); Def. Bell's Br. in Supp. of Mot. for Disclosure of Grand Jury Materials (Doc. 68) at 2; Oct. 20, 2022 Hr'g Tr. (Rough) at 34.

[25] Fed. R. Crim. P. 6(e)(3)(E)(ii).

[26] *E.g.*, *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994).

particularized need is demonstrated by "point[ing] to specific evidence of prosecutorial overreaching . . . ."[27] "A bare allegation that the records of a grand jury are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement."[28]

Here, Mr. Bell has not demonstrated a particularized need for disclosure. He takes two different shots at it. Both are off target. First, Mr. Bell seems to suggest that the grand jury may have inappropriately considered evidence of Mr. Stacks's alleged wrongdoing and E.A.'s death (Counts 1–9) when it indicted Mr. Bell on Counts 10–12, which charge entirely different drug distribution crimes. Mr. Bell says that "[b]ased on the configuration of the charges in the Superseding Indictment . . . , it is reasonable to believe that information and evidence about [Mr.] Stacks[] and the death of E.A. was presented to and considered by the grand jury in determining whether there was cause to indict [Mr.] Bell [on] Counts 10–12."[29] But this is nothing more than rank speculation. And it is not enough under controlling precedents like *United States v. Lame*.[30] Mr. Bell has certainly not pointed to any "specific evidence of prosecutorial overreaching" that would justify piercing the veil of secrecy of the grand jury proceedings.[31]

Mr. Bell's second attempt to justify piercing the grand jury veil similarly fails. Relying on the (faulty[32]) premise that Count 1 charges two separate violations of § 841(a)(1)—one by Mr.

---

[27] *United States v. Lame*, 716 F.2d 515, 518 (8th Cir. 1983).

[28] *Broyles*, 37 F.3d at 1318 (quoting *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994)) (cleaned up).

[29] Def. Bell's Br. in Supp. of Mot. for Disclosure of Grand Jury Materials (Doc. 68) at 3.

[30] *See* 716 F.2d at 518–19 (holding that an allegation that the Government did not present exculpatory evidence to the grand jury was not enough to constitute a particularized need for disclosure of grand jury material to the defendant).

[31] *Id.* at 518. The Court severed Counts 10–12 because they were improperly joined under Fed. R. Crim. P. 8(b). Order (Doc. 79). But that is not evidence of substantive impropriety in the grand jury proceeding. It is not evidence that the grand jury indicted on Counts 10–12 for any reason other than that it believed the Government proved there was probable cause to think that Mr. Bell committed the crimes alleged in those Counts.

[32] *See supra* notes 9–13 and accompanying text.

Bell and one by Mr. Stacks—Mr. Bell argues that he "has a compelling need to determine how the grand jury was instructed on the issue of proximate cause as it relates to" the § 841(b)(1)(C) sentence enhancement.[33]  But Mr. Bell provides no evidence or information to support his concern that the grand jury was improperly instructed on Count 1, including the sentence enhancement.  Of course, it would be difficult for Mr. Bell to come forward with such evidence or information without seeing the grand jury materials.  But that is kind of the point.  Given our long history of grand jury secrecy, the Court cannot and will not authorize fishing expeditions on the mere theoretical possibility of grand juror confusion or incorrect instructions.  And that's all we have here, if even that.

## CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Bell's Motion to Quash and Motion for Disclosure of Grand Jury Materials.

IT IS SO ORDERED this 4th day of November 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[33] Def. Bell's Br. in Supp. of Mot. for Disclosure of Grand Jury Materials (Doc. 68) at 3.